78 F.3d 586
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Thomas Charles FULLER III, Petitioner-Appellant,
v.
Alethea T. CAMP, Respondent-Appellee.
 No. 93-3905.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1996.*
Decided March 1, 1996.
 
 Before FAIRCHILD, COFFEY and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Thomas Charles Fuller II, an Illinois prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his 1968 conviction, based on a guilty plea, to the murder of five brothers and sisters.[2]
 
 
 2
 Fuller raised four issues in his habeas corpus petition: ineffective assistance of trial counsel where attorney was not present during three court-ordered pre-trial psychiatric examinations, and by advising him not to appeal his conviction or sentence; the psychiatric examinations were coerced, drug-induced, and a violation of his Fifth Amendment right against self-incrimination; the psychiatric examinations were inherently unreliable and should not be used as a basis for imposing consecutive sentences; and the guilty plea was not knowing and voluntary because he did not understand the ramifications or sentencing range. The district court ordered Fuller to show cause for and prejudice from procedural default, since Fuller never raised these issues before the Illinois courts. Fuller responded that good cause existed because the state of Illinois did not give him ready access to certain records.
 
 
 3
 The district court properly found that Fuller has procedurally defaulted these claims, and has failed to show good cause for such default, since the records he sought were either not missing, were supplied to him, or their absence did not prevent him from presenting his claims in his state post-conviction proceedings.
 
 
 4
 Accordingly, we adopt the analysis and decision of the district court's Order dated October 22, 1993.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument. See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the parties' briefs and the record
 
 
 [2]
 The Illinois Appellate Court affirmed the conviction in People v. Fuller, No. 4-87-0439 (4th Div.Ill.App. May 12, 1988) (unpublished order)